UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEFT OUTDOOR, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04063-TWP-TAB |
| | ) | |
| CITY OF WESTFIELD, HAMILTON COUNTY, INDIANA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS TO AMEND AND SUPPLEMENT**

**I. Introduction**

At issue are Plaintiff GEFT Outdoor, L.L.C.'s motions for leave to file a second amended complaint [Filing No. 109] and for leave to file a supplemental complaint. [Filing No. 116.] GEFT filed suit against Defendant City of Westfield, Indiana, in November 2017, alleging the City's sign ordinances are unconstitutional. In December 2017, GEFT filed an amended complaint, adding claims related to an alleged confrontation between GEFT and City representatives, which occurred on December 16, 2017. Both GEFT and the City sought preliminary injunctions, and the Court granted the City's motion but denied GEFT's, which GEFT unsuccesfully appealed to the Seventh Circuit. Now, GEFT seeks to amend its complaint to add GEFT's founder and owner, Jeffrey Lee, as an additional plaintiff, and to include Lee's individual claims stemming from the December 16 incident. GEFT also seeks to supplement its complaint to add claims challenging the constitutionality of the City's amended sign ordinances and the Board of Zoning Appeals' decision to deny GEFT a variance. The City opposes the changes to the complaint, arguing they are untimely, futile, and prejudicial. However, many of

the City's arguments have been rendered moot by developments occurring after its filings. The City's remaining arguments are unpersuasive, and GEFT meets its Rule 15 burden. Therefore, the Court grants GEFT's motions to amend [Filing No. 109] and supplement its complaint. [Filing No. 116.] GEFT shall file its amended and supplemental complaint within seven days.

## II. Background

GEFT's business is to buy or lease land so it can build, maintain, and operate signs on that land. GEFT uses the signs to display commercial and noncommercial speech. GEFT leased some land in Westfield and applied for and received a permit from the State of Indiana to erect a digital billboard on the property. Westfield has a Unified Development Ordinance with a chapter on signs that requires permits for all signs that are not exempted. GEFT began building the sign at issue in early November 2017, but did not seek a permit, and instead filed this lawsuit challenging the constitutionality of the City's sign restrictions and exemptions. A few days after GEFT filed this lawsuit, the City posted a "stop work notice," indicating the construction was in violation of the permit requirements. GEFT responded with a letter informing the City it intended to continue building the sign and that it believed the sign ordinance was unconstitutional. The City replied to the letter, instructing GEFT to remedy the violations within 30 days to avoid an enforcement action.

On December 16, 2017, GEFT set to work installing the advertising head and digital billboard on the steel pole that had already been erected. GEFT alleges an inspector and police sergeant from the City confronted GEFT and its contractors, demanding the work cease. GEFT's founder/owner, Lee, asked what would happen if GEFT continued with the instillation, and the police sergeant responded that Lee would be "asking for trouble." [Filing No. 117-1, at ECF p. 15, ¶ 83.] According to GEFT, the City's inspector then went to each contractor to individually

tell them they would be fined if they continued working on the sign. Roughly 20 minutes after the inspector and sergeant left, GEFT claims an attorney for the City arrived and threatened to have them all arrested if they did not stop work immediately. GEFT asserts the City's attorney declined to speak with GEFT's attorney over the phone. Instead, the City's attorney allegedly stated that continuing to work on the sign was a nuisance in violation of the stop work notice. GEFT claims the attorney threatened to arrest and jail Lee, GEFT's contractors, and the owner of the property if GEFT continued working on the sign. Faced with the threats, GEFT claims it halted work. The following week GEFT filed an amended complaint to include its claims based on this alleged incident, but the amendment did not include any claims on behalf of Lee. [Filing No. 21, at ECF pp. 8-11, ¶¶ 40-63.]

A few months later, on March 1, 2018, GEFT timely moved to amend its complaint to add Lee's claims as well as add additional allegations. On April 20, the City amended the UDO. During a telephonic status conference the following November, GEFT informed the Court that it intended to seek a variance under the Amended UDO and would be filing another motion to amend to add related claims. GEFT's March 1 motion to amend was still pending, so the Court recommended GEFT withdraw the motion and file a new motion after it sought the variance. [Filing No. 104.] GEFT requested a variance under the Amended UDO in December of 2018, and GEFT filed a motion to file a second amended complaint in January 2019. [Filing No. 109.] The City's Board of Zoning Appeals held a hearing on February 12, 2019, denying GEFT's request for a variance. A month later, GEFT filed its motion for leave to file a supplemental complaint. [Filing No. 116.]

### III. Discussion

The standards for amending and supplementing a complaint under Rule 15 are generally the same. *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). However, the procedural posture of this case puts an additional hurdle on amendments. The Court set an April 2, 2018, deadline for amendments—but not supplements—in the Case Management Plan, and that deadline has long passed. [Filing No. 42, at ECF p. 3.] Parties must show good cause to amend the CMP, and this heightened standard to amend a scheduling order trumps the general standard from Rule 15. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The difference between a supplement and an amendment is the timing of the underlying events. Supplemental pleadings concern "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The December 16, 2017, incident occurred before GEFT filed its amended complaint. [Filing No. 21, at ECF p. 9.] Therefore, GEFT must show good cause for its delay in seeking to add Lee's claims that arise from the December 16, 2017, incident.

GEFT easily clears this additional hurdle because the delay was out of its control. GEFT first moved to amend its complaint on March 1, 2018—a month and a day before the deadline. The Court had not yet ruled on this motion when the parties appeared by counsel for a telephonic status conference in November 2018. At that point, the parties were more focused on the appeal of the Court's preliminary injunction order, and GEFT indicated it would again seek leave to amend after it requested a variance from the City. [Filing No. 104.] To simplify things, the Court recommended GEFT withdraw its March 1 motion in favor of a more complete motion following the variance application. In two months, GEFT sought a variance and had filed a new

motion for leave to file a second amended complaint. The Court appreciates the City's concern that over a year has passed since the case began. However, the "'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Greater diligence on the part of GEFT could not have prevented the delay, so good cause is shown.

With good cause shown for the delay, the Court now turns to whether GEFT can satisfy Rule 15's relatively lax standard for the amendment and supplemental claims. Rule 15 "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015); *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that the same standard applies to amendments and supplemental pleadings);[1] *see also Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011) (the court has substantial discretion either to permit or deny a motion to supplement).

The City makes several arguments supporting its position that GEFT's proposed changes to its complaint are futile. In determining whether a claim added under Rule 15 is futile, the Court considers whether the allegation is sufficient to withstand a motion to dismiss. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). The City argues

---

[1] The *Glatt* court articulated the standard slightly differently, saying courts should consider "the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it." *Glatt*, 87 F.3d at 194. However, *Glatt* expressly stated that it was applying the same standard, *id.*, and this articulation precisely matches the above listed factors: bad faith, futility, undue delay, and undue prejudice.

GEFT's changes would not withstand a motion to dismiss because GEFT's pleading regarding the Amended UDO is deficient, Lee lacks a property interest to serve as a basis for his due process claims, the Court lacks jurisdiction over the supplemental claims, and the abstention doctrine prohibits the Court from affording the relief GEFT seeks.[2]

The City argues GEFT's as applied challenge to the Amended UDO is deficient because GEFT never applied for the permits required by the UDO and Amended UDO. The City also takes issue with the fact GEFT argues the UDO applies even though GEFT also challenges the Amended UDO. However, these arguments are undeveloped and unpersuasive. The City does not explain how the lack of permit applications renders GEFT's complaint deficient. Further, the proposed complaint recognizes that the Amended UDO may apply, and it is not clear from the proposed complaint which version the BZA applied when reviewing GEFT's recent application for a variance. [Filing No. 117-1, at ECF pp. 8, 17-20, ¶¶ 40, 98-128.] To the extent these arguments question whether GEFT has standing to challenge the Amended UDO, the arguments are unpersuasive. To have standing, the plaintiff must show it suffered an injury that the defendant caused and that can be redressed through a favorable decision. *Matushkina v. Nielsen*, 877 F.3d 289, 292 (7th Cir. 2017). GEFT has alleged an injury—its speech was prevented—that was caused by what GEFT argues is an unconstitutional permit requirement, and that alleged injury is redressable by an injunction or declaratory judgment from this Court.

The City next argues that adding Lee to GEFT's fifth and sixth causes of action is futile because Lee lacks any property interest in the land at issue. GEFT leases the property on which

---

[2] The City also argues that because the BZA has not issued its decision on GEFT's application for a variance, GEFT's claims challenging the BZA are neither ripe nor administratively exhausted. However, the BZA has since issued its decision, making these arguments moot.

6

the sign was to be built.  Because GEFT is an LLC, Lee does not have a personal interest in the property.  *See Pazmino v. Bose McKinney & Evans, LLP*, 989 N.E.2d 784, 786, 789 (Ind. App. 2013) (LLCs are legally distinct from their owners).  However, GEFT and Lee do not base these due process claims solely on property rights.  While GEFT does allege it was illegally deprived of the use of its property, GEFT and Lee also seek to recover damages for the allegedly illegal arrest threats.  [Filing No. 109, at ECF pp. 29-32, ¶¶ 189-91, 193, 196-99, 201-03.]  Though any damages based on deprivation of property will need to be parsed from any damages based on arrest threats, that is a task for a later day and does not render Lee's allegations futile.

In its opposition to GEFT's supplemental complaint, the City argues GEFT's claim regarding the BZA's decision is futile because the Court lacks supplemental jurisdiction.  However, this argument misunderstands the nature of GEFT's challenge, which triggers the Court's federal question jurisdiction and does not rely on supplemental jurisdiction.  The Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case arises under federal law if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Trustees of Carpenters' Health & Welfare Tr. Fund of St. Louis v. Darr*, 694 F.3d 803, 806 (7th Cir. 2012) (quoting *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)).  Though GEFT's claim involves the BZA's application of state and local law, GEFT's fundamental contention is that the BZA's determination violates GEFT's First Amendment rights.  The relief GEFT requests wholly depends on federal law, thereby triggering the Court's original jurisdiction.

The City next argues GEFT's claim against the BZA is futile because the *Younger* abstention doctrine requires this Court to abstain from enjoining the ongoing state proceeding. "The *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). However, as noted above, the BZA issued its decision in February 2019, so there is no ongoing state judicial proceeding to enjoin. With no ongoing or pending state proceeding, the *Younger* abstention doctrine does not make GEFT's claims futile such that GEFT should be precluded from amending its complaint.

The Court now considers prejudice. The City makes several arguments that it would be prejudiced by the amendments and supplements because they come so late and because of the risk of convoluting the issues. Regarding timeliness, the City argues that permitting the amendments would create scheduling problems because discovery was set to close March 1. However, the Court recently entered a new CMP, extending the discovery deadline to September 1, 2019, and moving the trial date to July 27, 2020. [Filing No. 115.] Therefore, the City's arguments concerning additional delay are moot.

Regarding the risk of confusing the issues, the City argues "[t]he fact that [GEFT] has a pending suit against [the City] in this Court does not give [GEFT] the right to keep adding claims against [the City] increasing the cost of the litigation." [Filing No. 118, at ECF p. 7 (citing *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803, 809 (S.D. Ind. 1998)).] The City contends GEFT's supplemental claims have little if anything to do with the claims in GEFT's original complaint and add complicated issues of Indiana law. GEFT replies that the fundamental contention in all of its claims is that the City is infringing on GEFT's free speech rights, whether by the UDO, the Amended UDO, the BZA, or its officials' actions. GEFT argues this common

thread ties the claims together sufficiently for them to be litigated in one case. GEFT further notes that it has filed a separate suit to prosecute the claims in the proposed supplemental complaint, *Geft v. City of Westfield*, 1:19-1014-JRS-TAB, and GEFT argues that having to continue with those claims in a separate case will actually make the litigation more expensive and time consuming for both the City and GEFT, as well as less efficient for the Court.

The text of Rule 15(d) does not require supplemental claims to be closely related to the original claims in the underlying action.[3] Nevertheless, the relatedness of the supplemental claims is a relevant consideration. *See*, *e.g. Matter of Wade*, 969 F.2d 241, 250 (7th Cir. 1992) (finding the plaintiffs "plead[ed] themselves right out of court" by expressly stating that the supplemental claim "is not in any way connected with or subjected to the pending federal court case"); *Medtronic, Inc. v. Benda*, 689 F.2d 645, 658 (7th Cir. 1982) (upholding denial of leave to supplement in part because the new claims were "very dissimilar" to the original claims, which had been consolidated because they were "virtually identical"); *Jude v. Milwaukee, Wis.*, 573 Fed. App'x 601, 602 (7th Cir. 2014) (upholding denial of leave to supplement with new unrelated claims more than six years after the underlying claims were resolved). However, the Seventh Circuit has not provided a standard for relatedness.

The City relies on *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803, 809 (S.D. Ind. 1998), in which the Court denied leave to supplement in light of the findings it made when considering whether it had supplemental jurisdiction over the supplemental claims. The Court

---

[3] "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

did not hold that supplemental claims must share a common nucleus of operative fact, as required for supplemental jurisdiction. *Id.* But *Trilithic*'s supplemental jurisdiction analysis found that the original claim and supplemental claim had no operative facts or law in common, and the resolution of one claim would have no effect on the resolution of the other. *Id.* at 806-07. Thus, under *Trilithic*, a court should deny leave to add supplemental claims that have no facts or legal theories in common.

Wright and Miller's *Federal Practice & Procedure* suggests courts should look to "whether the entire controversy between the parties could be settled in one action and the extent to which the additional claim involves the same or similar issues, subject matter, or facts." Wright & Miller, *Supplemental Pleadings—Stating a New Claim for Relief*, 6A FED. PRAC. & PROC. CIV. § 1506 (3d ed.). Though the section is arguing against the reflexive denial of a supplemental pleading that asserts a new claim, the reasoning applies here.

> This approach seems to be an appropriate exercise of discretion under Rule 15(d), especially if defendant cannot show any prejudice from the supplemental pleading. Moreover, the usual effect of denying leave to file a supplemental pleading . . . is to force plaintiff to institute another action and move for consolidation under Rule 42(a) in order to litigate both claims in the same suit, a wasteful and inefficient result. Determining whether to allow a supplemental pleading that contains a new claim based on the interrelationship between the original and the supplemental claim seems more sensible than automatically denying leave to interpose the new pleading. It both gives the court discretion to order separate trials if the new claim unduly complicates the original case and it minimizes the need for meaningless procedural moves. These are the same factors considered when a court decides whether claims, counterclaims, crossclaims, and third-party claims should be severed or tried in the same action and they are equally relevant in the context of supplemental pleadings containing additional claims. Thus, when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified.

*Id.* (footnotes omitted).

GEFT's new claims in its proposed supplement are sufficiently related such that litigating them in a separate action risks waste. As GEFT contends, the supplemental and original claims all depend on whether the UDO and Amended UDO violate the First Amendment. The City argues that reviewing the BZA's decision necessarily entails complex issues of Indiana law regarding the procedure, scope, and standard of review for challenging a zoning board's decision. [Filing No. 118, at ECF p. 7 (citing I.C. § 36-7-4-1600, 1607, 1611).] The City contends these issues of Indiana law are best left to an Indiana court. However, GEFT's claim does not rely on Indiana law and does not ask the Court to examine the zoning appeal statutes. Rather, GEFT's claim asks the Court to overturn the BZA's decision based on the same First Amendment argument that forms the basis of its original claims. Thus, denying leave to supplement would require GEFT to make, and the City to respond to, nearly identical First Amendment arguments both in this suit and in a separate action.

Finally, the City argues that this suit already has a convoluted procedural history and that GEFT has presented shifting theories in its first amended complaint and its present motions to amend and supplement. The City asserts that permitting an additional amendment and supplement only serves to further complicate and delay the litigation. The City cites *Tierney v. Quincy Sch. Dist. No. 172*, 125 F. App'x 711, 719 (7th Cir. 2005), but this case is distinguishable. The "convoluted" and "tortuous" procedural history in *Tierney* involved "four suits in the district court, a separate case in state court, and four appeals to [the Seventh Circuit.]" *Id*. at 713. A handful of amended complaints and one appeal of a preliminary injunction order as exists in this case does not approach the convolution of *Tierney*. Further, the City fails to explain how GEFT's theories have shifted. The Court's review of the different versions of the complaint on the docket does not reveal any exceptional changes to GEFT's theories. While this case has

not run a straight course, the amendment and supplement do not take it so far off track that the Court must prohibit them.

## IV. Conclusion

As explained above, GEFT shows good cause for its delay in seeking to amend its complaint to add Lee's claims, and nothing suggests that the supplemental claims are futile, asserted in bad faith, the product of undue delay, or unduly prejudicial to the City. Many of the City's arguments to the contrary have been rendered moot by developments occurring after its filings, and its other arguments fail to persuade the Court. Therefore, the Court grants GEFT's motion for leave to file a second amended complaint [Filing No. 109] and motion for leave file a supplemental complaint. [Filing No. 116.] GEFT shall file its amended and supplemental. complaint within seven days, to which the City shall have 21 days to respond.

Date: 5/16/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.