**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| GEFT OUTDOOR, L.L.C., and <br> JEFFREY S. LEE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WESTFIELD, HAMILTON COUNTY, <br> INDIANA, and CITY OF WESTFIELD BOARD <br> OF ZONING APPEALS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:17-cv-04063-TWP-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION TO STAY AND MOTION FOR CLARIFICATION**

This matter is before the Court on a Motion to Stay filed by Defendants the City of Westfield and the City of Westfield Board of Zoning Appeals (collectively, "Westfield"), (Filing No. 178), and a Motion for Clarification filed by Plaintiff GEFT Outdoor, LLC ("GEFT"), (Filing No. 187). On September 30, 2020, the Court issued an Entry on Cross-Motions for Summary Judgment, ruling in favor of GEFT on its First Amendment free speech claims against Westfield (Filing No. 171). In its Entry, the Court enjoined Westfield "from enforcing Sections 6.17(C), 6.17(D), 6.17(E)(4), and 6.17(E)(5) of the UDO and Amended UDO", which constitute a portion of Westfield's "sign standards." *Id.* at 40. Westfield promptly filed a notice of appeal, seeking the Seventh Circuit Court of Appeals' review of the summary judgment Entry, (Filing No. 176). Westfield also filed a Motion to Stay, asking the Court to stay these proceedings, including a stay of the trial date and a stay of implementation of the injunction, until its appeal has been resolved by the Seventh Circuit. GEFT responded to the Motion to Stay and filed a Motion for Clarification, asking the Court to clarify whether the earlier preliminary injunction is still in effect. For the

following reasons, the Motion to Stay is **granted in part and denied in part**, and the Motion for Clarification is **granted**.

## I. LEGAL STANDARD

"The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction." *A&F Enters., Inc. II v. IHOP Franchising LLC*, 742 F.3d 763, 766 (7th Cir. 2014). "To determine whether to grant a stay, [courts] consider the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other." *Id.* "As with a motion for a preliminary injunction, a 'sliding scale' approach applies; the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *Id.* The purpose of a stay pending appeal "is to minimize the costs of error." *Id.*

## II. BACKGROUND

This case involves GEFT's desire to build a digital billboard in Westfield, Indiana. Because the sign regulations contained in the City's Unified Development Ordinance ("UDO") and Amended Unified Development Ordinance ("AUDO") did not allow for the type of billboard that GEFT wants to build, GEFT challenged certain sign regulations as unconstitutional. The Court incorporates by reference the full background facts set forth in the Entry on Cross-Motions for Summary Judgment (Filing No. 171 at 2–8).

On September 28, 2018, the Court issued an Entry on Defendant's Motion for Restraining Order and Plaintiff's Motion for Preliminary Injunction (Filing No. 76). That Entry focused on GEFT's due process claims and denied preliminary injunctive relief to GEFT while granting the restraining order requested by Westfield. The Court concluded, "GEFT is **ORDERED** to not continue any work on its pole and digital sign in Westfield until after resolution of this case on the

merits." *Id.* at 16.  Then on September 30, 2020, the Court issued an Entry on Cross-Motions for Summary Judgment, resolving GEFT's First Amendment, Section 1983, abuse of process, and "Home Rule" claims on the merits.  However, the Court's Entry noted that GEFT's claim for compensatory damages for the infringement of its protected speech rights, Count VII (Declaratory Judgment Declaring that Plaintiffs were not Required to Exhaust Administrative Remedies), and Count VIII (Petition for Review of BZA Decision), would proceed beyond the summary judgment stage (*see* Filing No. 171 at 39–40).  The Court ruled in GEFT's favor on certain claims and enjoined the City from enforcing:

- Section 6.17(C) – the sign permit requirement;

- Section 6.17(D) – the exceptions to the sign permit requirement;

- 6.17(E)(4) – the prohibition of Pole Signs; and

- 6.17(E)(5) – the prohibition of Off-Premises signs.

*Id.* at 40.  Westfield's Notice of Appeal and Motion to Stay and GEFT's Motion for Clarification swiftly followed.

### III.  DISCUSSION

The Court will first address GEFT's Motion for Clarification and then turn to Westfield's Motion to Stay.

**A.     GEFT's Motion for Clarification**

In the Motion, GEFT asks the Court to

> clarify that the September 28, 2018 injunction (Doc. 76) which enjoins GEFT from "any work on its pole and digital sign in Westfield until after resolution of this case on the merits" (Doc. 76) is no longer in effect based on the Court's recent order on the merits of the parties' respective summary judgment motions. GEFT does not believe that injunction remains in place, but would like clarification from the Court before starting work at the site.

(Filing No. 187 at 1.)

GEFT then asserts, "One thing Westfield and GEFT agree upon is that unless the Seventh Circuit reverses the Court's Summary Judgment Order (Doc. 171), 'there are **no other impediments** to GEFT's building a billboard, and GEFT is able to erect a billboard.' (Westfield Motion to Stay, Doc. 178, ¶10, p.3)(emphasis added)." *Id.* (emphasis in original). GEFT argues that the Court's original injunction in this case no longer applies because the constitutional issues have been decided on the merits, so GEFT can construct the billboard pending results of the appeal.

In concluding its argument, GEFT contends,

> [T]he Defendants admitted in their recent Motion to Stay: "[I]f GEFT prevails [on appeal] at the Seventh Circuit, there are **no other impediments** to GEFT's building [the Billboard." (Doc. 178, ¶ 10, p. 3, filed on Sunday, October 4, 2020 (emphasis added)). Otherwise stated, without the stay Westfield seeks, Westfield reaches the same conclusion as GEFT: That GEFT can now build the billboard.

(Filing No. 187 at 4.) (Emphasis in original.)

However, the Court does not think the Defendants' admissions mean what GEFT thinks they mean. This is because GEFT has taken Westfield's "no other impediment" statement out of context and presented an argument on Westfield's behalf that Westfield did not make. Westfield's statement in context states "**if** GEFT prevails at the Seventh Circuit, there are no other impediments to GEFT's building a billboard, **and** GEFT is able to erect a billboard, **then** there will be no need for a trial on damages for the value of a billboard." (Filing No. 178 at 3 (emphasis added).) In context, it is clear that Westfield is not conceding that GEFT may now build its sign if Westfield is not granted a stay. Rather, Westfield argues no trial is necessary on damages if GEFT prevails on appeal, if there are no other impediments to construction, and if GEFT builds its sign.

The basis of the September 2018 Entry denying GEFT's request for preliminary injunctive relief is that GEFT had failed to satisfy the requirements for a preliminary injunction for its due process claims. Having failed to do so, GEFT was enjoined from continuing any work on its pole

4

and digital sign in Westfield until after resolution of this case on the merits. The parties filed cross-motions for summary judgment on most of GEFT's claims, which presented the Court the opportunity to resolve those claims on their merits if there were no disputed material facts. Through the summary judgment proceedings, the Court concluded that GEFT's abuse of process, Section 1983, and "Home Rule" claims could not survive summary judgment. On the other hand, the Court determined that GEFT was entitled to summary judgment on its First Amendment claims and, thus, granted judgment in favor of GEFT on those claims. As a result of the Court's summary judgment ruling, six of GEFT's claims have been resolved on the merits. But two additional claims remain as well as GEFT's claim for compensatory damages for the infringement of its protected speech rights.

As noted in Westfield's reply brief supporting its Motion to Stay, Count VIII of GEFT's Second Amended and Supplemental Complaints remains pending for resolution. GEFT's summary judgment motion was partial only, and the parties never presented that claim to the Court for summary judgment consideration. The parties also did not present arguments to the Court concerning various other regulations in the UDO and AUDO that Westfield asserts are an impediment to GEFT completing construction of its sign, and which the Court presumes relate to Count VIII. Because two claims have not yet been resolved on the merits, and one of those claims (as suggested by Westfield) might thwart GEFT's sign construction, the Court **grants** GEFT's Motion for Clarification and **clarifies that the September 28, 2018 injunction remains in effect**. While some of the claims have been resolved on the merits, the case has not yet been resolved on the merits.

**B.      Westfield's Motion to Stay**

Westfield asks the Court to

>stay these proceedings, including a stay of the trial date and a stay of implementation of the injunction imposed by the Court's Entry on Cross-Motions for Summary Judgment [Filing No. 171], pending resolution of the defendants' interlocutory appeal to the United States Court of Appeals for the Seventh Circuit. They also request relief from the bond requirement.

(Filing No. 178 at 1.)

Westfield argues a stay is appropriate "because if the Seventh Circuit Court of Appeals reverses this Court's ruling and finds that the challenged portions of the sign standards are not unconstitutional, there will be no need for a trial." *Id.* at 3. Westfield contends a trial on October 26, 2020, as currently scheduled, would be a waste of resources and time for the Court and the parties.

Westfield additionally asks the Court to stay implementation of the September 30, 2020 summary judgment injunction because of the unique hardship it will impose on Westfield and potentially its citizens. If the injunction is not stayed during the pending appeal, Westfield argues, it "may experience a significant and overwhelming influx of non-conforming signs, which will cause harm to legitimate and compelling interests of the City, particularly traffic safety and visual aesthetics." *Id.* It argues that "without a permitting process the citizenry will not seek the input of the City when seeking to comply with the many sections of the Sign Standards in the UDO which this Court upheld," *id.* at 3–4, and "[s]hould the City prevail in its appeal, the cost to private citizens of removing non-conforming signs that are violative of the sign standards will be substantial." *Id.* at 4. Westfield suggests that a "stay of the injunction pending determination of the appeal will avoid these hardships to the City and its larger citizenry." *Id.*

In response, GEFT argues a stay is inappropriate because Westfield has not shown, or even attempted to show, that it has a likelihood of success on appeal, and any alleged harm to Westfield is far outweighed by the harm to GEFT in its ongoing suppression of protected speech. GEFT

points the Court to a plethora of case law addressing the importance and priority of First Amendment rights and the high bar for obtaining a stay. GEFT argues that Westfield has very little likelihood of success on the merits of its appeal, and GEFT, not Westfield, will suffer irreparable harm if a stay is granted. GEFT also presents arguments concerning Westfield's "unclean hands" and the need to post a bond. GEFT does not oppose a short continuance of the trial date so that it can evaluate its claims against Westfield.

Westfield replies that seven sections of the UDO and AUDO, which have not been considered by the Court, prohibit GEFT from constructing its billboard. "Whether one or more of these seven sections of the UDO and Amended UDO prohibit GEFT from building the billboard remains undecided because the Court did not address GEFT's 'Petition for Review of BZA Decision' asserted in the 'Eighth Cause of Action.'" (Filing No. 188 at 3.) Thus, "GEFT's win on the First Amendment issues does not in and of itself entitle GEFT to build the billboard." *Id.* "Even if the Court's ruling on the First Amendment issues is affirmed by the Seventh Circuit Court of Appeals, GEFT still cannot build the billboard." *Id.* at 5–6. Westfield argues that, because GEFT is not entitled to construct its billboard at this point, staying the injunction will not impact GEFT's current position and is appropriate.

Concerning the request to continue the trial date, the Court agrees that vacating the October 26, 2020 trial date is appropriate and warranted to preserve the time and resources. Therefore, Westfield's Motion to Stay the trial date is **granted**, the October 26, 2020 trial date is **vacated**, and the trial will be reset after the appeal has been resolved.

Concerning a stay, as noted above, to obtain a stay of an injunction pending an appeal, Westfield must show a likelihood of success on the merits, an irreparable harm that will result if the stay is denied in error, and the public interest favors Westfield. Westfield appealed the Court's

7

Entry on Cross-Motions for Summary Judgment, which enjoins Westfield from enforcing Sections 6.17(C), 6.17(D), 6.17(E)(4), and 6.17(E)(5) of the UDO and AUDO because they violate the First Amendment. In its Motion to Stay and reply brief, Westfield has presented no argument that it is likely to succeed on the merits of its appeal of the First Amendment claims. Even if, in the end, GEFT is not permitted to construct its billboard because of one or more of the other seven sections of the UDO and AUDO, this is wholly irrelevant to the issue before the Court on the Motion to Stay—has Westfield shown a likelihood of success on appeal that the Seventh Circuit will hold Sections 6.17(C), 6.17(D), 6.17(E)(4), and 6.17(E)(5) do not violate the First Amendment. Westfield has not even attempted to argue this.

While it is not inconceivable that the Seventh Circuit could reach a different conclusion and decide that Sections 6.17(C), 6.17(D), 6.17(E)(4), and 6.17(E)(5) of the UDO and AUDO do not violate the First Amendment rights of GEFT, recent data[1] suggests that Westfield is not likely to succeed on the merits of the First Amendment claims and obtain a reversal of this Court's summary judgment Entry.

Regarding harm if a stay is not granted, Westfield suggests that it "may experience a significant and overwhelming influx of non-conforming signs, which will cause harm to legitimate and compelling interests of the City, particularly traffic safety and visual aesthetics." (Filing No. 178 at 3.) It is highly unlikely that Westfield's hypothetical injury—the streets of Westfield being adorned with countless bright, flashy billboards, transforming Westfield's thoroughfares into New York City's Times Square or Las Vegas' Strip—will come to pass if a stay is not granted during the pendency of its appeal. Even if a handful of non-conforming signs are erected throughout

---

[1] Fewer than 9% of total appeals resulted in reversals of lower court decisions in 2015 with a reversal rate of 14.2% for private civil actions. *See* "Just the Facts: U.S. Courts of Appeals," https://www.uscourts.gov/news/2016/12/20/just-facts-us-courts-appeals (last accessed Oct. 8, 2020).

Westfield while its appeal is considered, those signs would not inflict an irreparable injury upon Westfield because the signs could be removed at the expense of the sign owner if the Seventh Circuit concludes Westfield's sign standards are constitutionally valid.

Furthermore, Westfield's arbitrary and capricious decision to allow digital, off-premises signs at Westfield High School and a "Westfield" pole sign on U.S. 31—facing the same road and only two miles from GEFT's proposed sign location—while prohibiting GEFT's digital, off-premise pole sign undercuts Westfield's argument concerning harm to its interests in traffic safety and community aesthetics.

Simply put, Westfield has not met its burden to obtain a stay of the injunction during the pendency of its appeal. It has not shown a likelihood of success on the merits or an irreparable harm in the absence of a stay. Therefore, the Court **denies** Westfield's Motion to Stay implementation of the September 2020 injunction during the pendency of its appeal. Westfield remains enjoined "from enforcing Sections 6.17(C), 6.17(D), 6.17(E)(4), and 6.17(E)(5) of the UDO and Amended UDO." (Filing No. 171 at 40.)

## IV.    CONCLUSION

For the reasons discussed above, GEFT's Motion for Clarification, (Filing No. 187), is **GRANTED**, and the Court **clarifies that the September 28, 2018 injunction remains in effect**. Westfield's Motion to Stay (Filing No. 178) is **GRANTED in part and DENIED in part**. The Motion to Stay the trial date is **granted**, and the October 26, 2020 trial date is **vacated**. The trial will be reset after the appeal has been resolved. The Motion to Stay implementation of the September 30, 2020 injunction during the pendency of the appeal is **denied**, and Westfield remains enjoined from enforcing Sections 6.17(C), 6.17(D), 6.17(E)(4), and 6.17(E)(5) of the UDO and

AUDO. Because implementation of the September 30, 2020 injunction is not stayed, Westfield is not required to post a bond.

Rulings on the remaining pending motions, Defendants' Motion For Clarification Of Entry On Cross-Motions For Summary Judgment [Doc. 171] ([Filing No. 189](#)); and GEFT's Motion for Permanent Injunction ([Filing No. 190](#)), are forthcoming.

**SO ORDERED.**

Date: 10/13/2020

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Charles R. Whybrew
LEWIS WAGNER LLP
cwhybrew@lewiswagner.com

Taylor L. Fontan
LEWIS WAGNER LLP
tfontan@lewiswagner.com

Blake P. Holler
KRIEG DEVAULT LLP
bholler@kdlegal.com

Pamela G. Schneeman
STEPHENSON MOROW & SEMLER
pschneeman@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com