UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEFT OUTDOOR, L.L.C., and JEFFREY S. LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:17-cv-04063-TWP-TAB ) |
| CITY OF WESTFIELD, HAMILTON COUNTY, INDIANA, and CITY OF WESTFIELD BOARD OF ZONING APPEALS, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER ON PENDING MOTIONS

This matter is before the Court on an "Emergency Motion to Dissolve the Court's September 28, 2018, Injunction" (Filing No. 194) and "Motion for Ruling on Certain Relief Requested in GEFT's Motion for Partial Summary Judgment" (Filing No. 197) filed by Plaintiff GEFT Outdoor, LLC ("GEFT"). In October or early November 2017, GEFT began construction of a digital billboard in Westfield, Indiana, on the west side of U.S. Highway 31 just south of Indiana State Road 32. Westfield believed that GEFT's actions violated its local ordinances, so it threatened imprisonment if GEFT continued working on its sign, which resulted in GEFT halting its activities. GEFT initiated this lawsuit against Defendants the City of Westfield and the City of Westfield Board of Zoning Appeals (collectively, "Westfield") and asked the Court for compensatory damages and declaratory and injunctive relief for violations of free speech and due process rights as well as for abuse of process. Injunctive and declaratory relief was provided to the parties at various stages of the litigation, and GEFT's pending Motions concern that relief. For the following reasons, GEFT's Motions are **denied**.

I. **PROCEDURAL BACKGROUND**

On November 3, 2017, GEFT filed a Complaint in this Court thereby initiating this civil action against Westfield (Filing No. 1). On December 19, 2017, Westfield filed a motion for restraining order (Filing No. 17), and on December 20, 2017, GEFT filed a motion for preliminary injunction (Filing No. 18). Westfield's motion asked the Court to prohibit GEFT from continuing any work on its digital billboard during the life of this case. On the other hand, GEFT's motion asked the Court to prohibit Westfield from enforcing its local ordinances regulating signs, which would then allow GEFT to continue its work on the digital billboard. On September 28, 2018, the Court issued an Order on these motions, granting Westfield's request and denying GEFT's request (Filing No. 76) ("Injunction Order"). The Injunction Order "prohibit[ed] GEFT from continuing any work on its pole and digital sign until after the Court rules on the constitutionality of the UDO (Westfield-Washington Township Unified Development Ordinance) and resolves this litigation on the merits." *Id.* at 15. The Court concluded, "It is the Court's intent that the status quo be maintained until further order from this Court. GEFT is **ORDERED** to not continue any work on its pole and digital sign in Westfield until after resolution of this case on the merits." *Id.* at 16. GEFT appealed the Court's Injunction Order, and the Seventh Circuit Court of Appeals affirmed this Court's decision (Filing No. 77; Filing No. 130).

Following the conclusion of GEFT's interlocutory appeal, the parties filed cross-motions for summary judgment (Filing No. 137; Filing No. 142). On September 30, 2020, the Court issued its Entry on Cross-Motions for Summary Judgment, ruling in favor of GEFT on its First Amendment free speech claims against Westfield (Filing No. 171). In its Entry, the Court enjoined Westfield "from enforcing Sections 6.17(C), 6.17(D), 6.17(E)(4), and 6.17(E)(5) of the UDO and Amended UDO," which constitute a portion of Westfield's "sign standards." *Id.* at 40. Westfield

promptly filed a notice of appeal, seeking the Seventh Circuit Court of Appeals' review of the summary judgment Entry (Filing No. 176).

After Westfield filed its notice of appeal, on October 21, 2020, GEFT filed the instant "Emergency Motion to Dissolve the Court's September 28, 2018, Injunction" (Filing No. 194) and "Motion for Ruling on Certain Relief Requested in GEFT's Motion for Partial Summary Judgment" (Filing No. 197). This case has since awaited decision from the Seventh Circuit, which recently issued its decision on July 11, 2022, and Mandate on August 2, 2022 (Filing No. 212). The Seventh Circuit vacated the First Amendment permanent injunction against Westfield, explaining, "The Supreme Court's recent decision in *City of Austin v. Reagan National Advertising of Austin* bears heavily upon GEFT's challenge to the City of Westfield's regulatory scheme. It is only appropriate to allow the district court to revisit its prior rulings in light of *City of Austin*." *Id.* at 2.

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (citation and quotation marks omitted). Granting a preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (citation and quotation marks omitted).

When a district court considers whether to issue a preliminary injunction, the party seeking the injunctive relief must demonstrate that "it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that issuing an injunction is in the public interest." *Grace Schs. v. Burwell*, 801 F.3d

788, 795 (7th Cir. 2015). The greater the likelihood of success, the less harm the moving party needs to show to obtain an injunction, and vice versa. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

The test for determining whether to modify or vacate an injunction is whether the conditions that made the injunction appropriate have changed to such an extent that the injunction no longer serves the purpose for which it was initially granted. *See United States v. Swift & Co.*, 286 U.S. 106, 118–19 (1932). Courts consider "whether [the movant] has demonstrated that changed circumstances make the continuation of the injunction inequitable." *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 260 (7th Cir. 1984). "In deciding whether to modify or dissolve an injunction the court is charged with the exercise of the same discretion that it exercised in granting or refusing the injunction initially." *Dore & Assocs. Contracting, Inc. v. American Druggists' Ins. Co.*, 54 B.R. 353, 360 (Bankr. W.D. Wis. 1985).

### III.     DISCUSSION

The Injunction Order, which GEFT seeks to vacate, prohibited GEFT from continuing any work on its pole and digital sign until after the Court ruled on the constitutionality of Westfield's ordinances and resolved the litigation on the merits. That decision was based upon GEFT's "unclean hands" and GEFT's failure to show that it was reasonably likely to succeed on the merits of its due process claims (Filing No. 76 at 14–16). Subsequently, in the Court's summary judgment Entry, the Court concluded that certain provisions of Westfield's sign ordinance violated the First Amendment, and, thus, the Court enjoined Westfield from enforcing those specific provisions (Filing No. 171 at 30). Summary judgment was granted in favor of Westfield on some of GEFT's claims, and some claims survived summary judgment, allowing them to proceed to trial. *Id.* at 40. Thus, the summary judgment Entry did not resolve all claims as to all parties.

GEFT argues that the Injunction Order should be vacated because of the change of circumstances in the case following the Court's summary judgment Entry. GEFT asserts that dissolution of the Injunction Order is appropriate because the Injunction Order was not premised on the First Amendment principles on which GEFT prevailed on summary judgment. Furthermore, the Injunction Order was based in part on the Court's finding that GEFT had unclean hands because it ignored the permit requirements of Westfield's ordinance, but the Court invalidated the sign permit requirement on summary judgment, so GEFT no longer has the unclean hands this Court concluded it had two years ago. Additionally, GEFT argues there is no requirement for a sign permit in Westfield because of the summary judgment Entry, and the sign permit requirement was the only impediment to GEFT building its digital billboard in Westfield.

The Court first notes that the Injunction Order prohibited GEFT from continuing any work on its pole and digital sign until after the Court ruled on the constitutionality of Westfield's ordinances **and** resolved the litigation on the merits. The Court's summary judgment Entry did not resolve all claims as to all parties, and, thus, the litigation has not been resolved. Importantly, the Seventh Circuit vacated the permanent injunction entered against Westfield, which injunction was based upon the First Amendment claims (*see* Filing No. 212). Therefore, GEFT's change of circumstances in the case based upon First Amendment principles has been vacated by the Seventh Circuit and remanded for further consideration. Thus, vacating or modifying the Court's Injunction Order is not warranted, and GEFT's Motion requesting that relief is **denied**.

In GEFT's "Motion for Ruling on Certain Relief Requested in GEFT's Motion for Partial Summary Judgment," GEFT asks the Court to rule on its summary judgment request to declare Chapters 10.10 and 10.14 of Westfield's ordinance to be unconstitutional and to enjoin Westfield from enforcing those provisions. GEFT asserts that it properly raised the constitutionality question

as to Chapters 10.10 and 10.14 during the summary judgment proceedings, and it further asserts that the Court overlooked substantively ruling upon Chapters 10.10 and 10.14 in the summary judgment Entry.

It appears that GEFT may have raised this issue with the Seventh Circuit Court of Appeals because that Court briefly discussed the issue: "Seemingly as a result of an underdeveloped record, the district court reserved judgment on GEFT's challenge to the City's variance scheme . . . ." (Filing No. 212 at 9.) "Beyond recognizing GEFT's contention, however, the district court stopped short of ruling on the challenge, perhaps owing to the fact that the summary judgment record included very few facts about how the City has applied the variance provision." *Id.* at 5. "On remand the district court also will be able to consider other dimensions of this appeal not adequately developed in prior proceedings or the parties' briefing on appeal." *Id.* at 2.

In light of the Seventh Circuit's recent decision and the current procedural posture of this case, the Court **denies** GEFT's "Motion for Ruling on Certain Relief Requested in GEFT's Motion for Partial Summary Judgment." The Court anticipates that the parties upcoming position statements will include all matters that need to be addressed as we work towards conclusion of this case.

### IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** GEFT's "Emergency Motion to Dissolve the Court's September 28, 2018, Injunction" (Filing No. 194) and "Motion for Ruling on Certain Relief Requested in GEFT's Motion for Partial Summary Judgment" (Filing No. 197).

**SO ORDERED.**

Date:  8/18/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Charles R. Whybrew
LEWIS WAGNER, LLP
cwhybrew@lewiswagner.com

Taylor L Fontan
Lewis Wagner, LLP
tfontan@lewiswagner.com

Blake P. Holler
KRIEG DEVAULT LLP
bholler@kdlegal.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Pamela G. Schneeman
STEPHENSON MOROW & SEMLER
pschneeman@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com